

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 17 2017

JAMES W. McCORMACK, CLERK
By: _____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID B. GEORGE                                                                PLAINTIFF

CIV. NO. 00 - 4:17cv28-BSM

CONAGRA FOODS, INC. EMPLOYEE BENEFITS
ADMINISTRATIVE COMMITTEE, PLAN
ADMINISTRATOR; CONAGRA BRANDS, INC., A/K/A
CONAGRA FOODS, INC.; LIFE INSURANCE COMPANY
OF NORTH AMERICA, UNDERWRITER AND
PLAN ADMINISTRATOR; AND CIGNA GROUP
INSURANCE, A.S.O. ACCOUNT MANAGER                                DEFENDANT

This case assigned to District Judge Miller
and to Magistrate Judge Kearney

## COMPLAINT

COMES NOW the plaintiff herein, David B. George ("Plaintiff"), by and through counsel, Laura J. McKinnon, and for his a legal cause of action against the defendant, Life Insurance Company of North America, Plan Administrator ("Defendant"), alleges and states as follows:

### I. JURISDICTION AND VENUE

1. Plaintiff is a citizen and resident of Russellville, Arkansas, and at all times pertinent hereto, was an employee of Conagra Frozen Foods, Inc. ("ConAgra").

2. The ConAgra entities, ConAgra Brands and ConAgra Foods, are an employer engaged in commerce or in an industry or activity affecting commerce within the meaning of 29 U.S.C. Section 1003 (a)(1).

3. Plaintiff is a participant and beneficiary of an employee benefit plan (the "Plan") as defined by 29 U.S.C. Section 1002 (7) and (8); the Plan's purpose is to provide specified benefits for employees of Conagra.

4. Defendant Plan Administrator, Life Insurance Company of North America, is a Plan Administrator of the Plan, provided to ConAgra employees by Cigna Group Insurance

("Cigna"), and is a foreign corporation does business within the State of Arkansas and within the district and division of this Court; with its principle place of business being 1601 Chestnut Street, Two Liberty Place, Philadelphia, PA 19192. This entity was listed as administrator after taking over the Plan from Liberty Life Insurance Company of Boston.

5. Defendant Plan Administrator, "Conagra Foods, Inc., Employee Benefits Administrative Committee" hereinafter referred to in the aggregate as "Plan Administrator" was designated as the Plan Administrator in the original documents, and this entity is in Omaha, Nebraska.

6. ConAgra is an employer engaged in commerce or in an industry or activity affecting commerce within the meaning of 29 U.S.C. Section 1003 (a)(1). ConAgra does business within the State of Arkansas and within this district and division of this Court and, more specifically, does business at 3100 E. Main Street, Pope County, Russellville, Arkansas. ConAgra is a foreign corporation organized under the laws of the state of Delaware, with its principal place of business being located at One ConAgra Drive, I-237, Omaha, Nebraska, 68102, doing business in Russellville, Pope County, Arkansas.

7. Cigna Group Insurance does business within the State of Arkansas and within this district and division of this Court. Cigna is a foreign corporation insurance carrier with its principle place of business for disability claims administration being located in Dallas, Texas. Cigna Group Insurance is the Administrative Services Only (ASO) Account administrative manager of the ConAgra account.

8. Whenever the term "Plan Administrator" or "Defendant" is used hereinafter in this pleading, Plaintiff is jointly referencing all potential administrators and defendants and specifically the plan administrator under ERISA; including, but not limited to, the above legal entities of Life Insurance Company of North America; Conagra Foods, Inc., Employee Benefits Administrative Committee; Conagra Brands, Inc.; Conagra Foods, Inc.,; and Cigna Group Insurance ASO Account Manager. Whenever "Cigna" is used, this term is referencing all of the defendants jointly, and specifically includes within that term, the plan administrators

and the legal entity or entities functioning as the ERISA plan administrator.

9. This action arises under 28 U.S.C. Sections 1331, 2201, and 29 U.S.C. Section 1132 et seq., commonly known as the Employee Retirement Income Security Act (ERISA), as Plaintiff seeks to recover benefits due to him under the terms of the Plan, to enforce his rights under said Plan, and to clarify his rights to future benefits under the Plan, all within the contemplation of 29 U.S.C. Section 1132(a).

10. This Court has jurisdiction of the parties hereto and the subject matter hereof. Venue is proper in this district and division of this Court pursuant to 28 U.S.C. Section 1391.

## II. FACTS

11. On or about 10/5/2010, Plaintiff was employed by Conagra as a Team Leader and covered under this long term disability Plan when he became disabled. Plaintiff completed his elimination period and began receiving benefits in the amount of $2,626.65 at a 60% rate of monthly earning of $4,377.75, on 05/06/2011.

12. Plaintiff received long term disability benefits under the Plan from Cigna from 05/06/2011 until 01/22/2014.

13. Plaintiff received benefits under the Plan under an "own occupation" definition of disability until the definition changed under the contractual provisions effective 05/06/2013.

14. Plaintiff received benefits under the Plan under an "other occupation" definition of disability from 05/06/2013 until 01/22/2014.

15. On 01/23/2014, Cigna for the Plan gave written notice to Plaintiff that benefits were being terminated effective 01/23/2014 based upon his not meeting the Plan's definition of disability under its "other occupation" paragraph. In essence, this action is being brought under the "other occ" provisions of this ERISA plan.

16. Plaintiff timely requested appeal of the decision by Cigna and Plan Administrator to deny disability benefits under the Plan, and completed all administrative appeals.

17. Plaintiff's final appeal review was denied by a correspondence dated 07/17/2015 and

Plaintiff was notified that his administrative remedies had been exhausted.

18. Plaintiff's disabilities are covered by the plain language and provision of the Plan. Demand for benefits has been made and finally denied. All administrative remedies have been exhausted and all jurisdictional prerequisites have been satisfied.

19. Plaintiff has completed all necessary forms and paperwork required for benefits to be paid. Plaintiff has supplied the Defendant with medical evidence establishing his period of disability and continuing entitlement to policy benefits.

20. Under the Eighth Circuit's clear repudiation rule, Plaintiff benefits were terminated on 01/23/2014. Defendant has contractually shorted the applicable statute of limitations to three years and Plaintiff timely brings this action under ERISA within that time period.

## III. DAMAGES

21. Plaintiff was age 36 years at onset of disability and his maximum benefits period extends to age 66, which equates to benefits ending on 06/27/2040. Plaintiff's benefits were terminated on 01/23/2014. Retroactively and prospectively, Plaintiff will be entitled to up to 317 months of benefits at a rate of $2,626.65 per month, which equals $832,648.05, minus any valid and enforceable offsets that Defendant can prevail upon in a court of law, as well as costs, attorney fees and statutory penalties, interests, and any and all other applicable damages.

## IV. PRAYER FOR RELIEF

22. Plaintiff is entitled to judgment against Defendant in the amount of all unpaid benefits as of the present date, and is further entitled to a declaratory judgment declaring all of Plaintiff's future long term disability benefits to be due and payable under the Plan provisions.

23. Further, Plaintiff is entitled to reasonable civil and statutory attorneys' fees and costs incurred in prosecuting this claim, under both state law and pursuant to 29 U.S.C. Section 1132 (g).

WHEREFORE, Plaintiff prays that this Court enter a judgment against Defendant ordering

that benefits be paid from the date of the onset of disability up to the date of a hearing in this matter in a lump sum, and that monthly benefits be paid in the future in accordance with the terms and provisions of the Plan, for costs, statutory attorney's fees under 29 U.S.C.A. 1132(G)(1), all applicable nonstatutory attorney fees, and for all other relief to which the Plaintiff shows himself entitled.

RESPECTFULLY SUBMITTED,

DAVID B. GEORGE, PLAINTIFF

By: _____
Laura J. McKinnon, ABA 84104
McKinnon Law Firm
P.O. Box 1127
Fayetteville, AR 72702
(479) 521-1555